Ocieleen **MITCHELL, Plaintiff-Appellant,**

v.

**ST. LOUIS COUNTY,**
**Defendant-Respondent.**

No. 39972.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1979.

Application to Transfer Denied
Feb. 13, 1979.

---

David R. Hess, Clayton, for plaintiff-appellant.

Thomas W. Wehrle, St. Louis County Counselor, Harold P. Heitmann, Sp. Asst. County Counselor, Clayton, for defendant-respondent.

GUNN, Judge.

Plaintiff-appellant was discharged from her employment with defendant-respondent St. Louis County for the reason of excessive absenteeism. She brought suit under § 287.780, RSMo Supp.1978 alleging that her discharge was discriminatory because it was based upon her filing of a Chapter 287 workmen's compensation claim.[1] At the close of all the evidence, the trial court sustained defendant's motion for a directed verdict. We affirm.

After about 11 months of employment with defendant, plaintiff received a discharge letter from the director of her department stating in part:

I am in receipt of a summary sheet of employee counseling interview. . . .
This summary counseling interview indicates that you have fallen short of job requirements on several items. But most importantly, I note that you had 76.5 hours of absenteeism charged against you during the last six months. Several reasons were specified for the absenteeism, including sickness, back injury, and so forth.

\* \* \*

While working, plaintiff injured her back and about three months later filed a workmen's compensation claim. For the six months preceding her discharge, defendant noted that plaintiff had 76.5 hours of absence from work, 68 of which plaintiff attributed to her back injury. However, at trial plaintiff conceded that she had missed work for a multitude of reasons unrelated to her back: missed bus connections, chills

---

1. The provisions of Chapter 287 are applicable to St. Louis County by reason of § 287.030, RSMo Supp.1978.

and sore throat, tooth extraction, bad weather and illness, family illness, clinic appointments not related to the back injury, bad cold and sinus, oversleeping, personal business, leg problems, gynecologist appointment.

Plaintiff's theory of recovery is that she was discharged for exercising her rights under the Missouri Workmen's Compensation Law, specifically, § 287.780, RSMo Supp.1978, which provides:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

The trial court sustained defendant's motion for directed verdict. Plaintiff, for her sole point on appeal, alleges:

The trial court erred in granting defendant St. Louis County's motion for a directed verdict at the close of plaintiff's case for the reason that there was evidence before the court that plaintiff had been discharged from her employment for having been absent from work due to a work related injury when such employment was covered under the Workman's Compensation Act.

■ We are required to give § 287.780 —as any statute—reasonable interpretation to avoid any absurd result. *State ex rel. Zoological Pk. Subd., St. Louis v. Jordan,* 521 S.W.2d 369 (Mo.1975); *Shaffer v. Cochenour,* 569 S.W.2d 320 (Mo.App.1978); *Taylor v. McNeal,* 523 S.W.2d 148 (Mo.App. 1975); *Hill v. Missouri Dept. of Public Health & Welfare,* 520 S.W.2d 182 (Mo.App. 1975). From our reading of the statute, it is palpable that a cause of action lies only if an employee is discharged discriminatorily by reason of exercising his or her rights under the Workmen's Compensation Law. Plaintiff's point on appeal does not allege that defendant is guilty of any discrimination, and we agree with the trial court that the record is destitute of any evidence of a discriminatory discharge by reason of filing

a workmen's compensation claim. There certainly is nothing within the Workmen's Compensation Law indicating that an employee who has been injured and has returned to work, receiving a regular salary, may be absent repeatedly without penalty. Plaintiff alleges only that: (1) plaintiff had been discharged for absence from work due to a work related injury, and (2) that her employment was covered under the Workmen's Compensation Law. The critical element of discrimination is missing, not only from the point raised on appeal but from the evidence. Plaintiff's case thus fails and the directed verdict was proper, as there was no substantial evidence to support her claim. *Kaelin v. Nuelle,* 537 S.W.2d 226 (Mo.App.1976).

*Texas Steel Co. v. Douglas,* 533 S.W.2d 111 (Tex.Civ.App.1976),[2] relied on by plaintiff, is distinguishable from the factual situation here. In *Douglas,* there was substantial evidence of discrimination by the employer; there is none here. More to the point is *Axel v. Duffy-Mott Co., Inc.,* 62 A.D. 651, 406 N.Y.S.2d 155 (1978), dismissing a claim for an alleged discriminatory discharge for filing a workmen's compensation claim where the employee had no probative evidence other than the filing of the claim and the subsequent discharge. Such is the situation in this case. Also, in *Swanson v. American Manufacturing Co.,* 511 S.W.2d 561 (Tex.Civ.App.1974), a suit charging discrimination by reason of a workmen's compensation claim was dismissed, as the record established that the ground for discharge—as here—was based on legitimate reason, vis-a-vis any showing of discrimination. Plaintiff rests her case on the fact that she was discharged several months after filing a claim for compensation. But the record amply supports the basis for her discharge for excessive absenteeism—a valid and not pretextual motive. *D. C. International, Inc. v. N. L. R. B.,* 385 F.2d 215 (8th Cir. 1967). See also, *Aubuchon v. Gasconade Cty. R–1 Sch. Dist.,* 541 S.W.2d 322 (Mo.App.1976). Plaintiff had

2. See also, *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

been warned regarding her absences, and when they continued she was dismissed. No submissible case of discrimination was made.

Judgment affirmed.

REINHARD, P. J., and CLEMENS, J., concur.