Sheila **RODRIGUEZ**, Appellant,

v.

**CIVIL SERVICE COMMISSION,**
Respondent.

No. 40532.

Missouri Court of Appeals,
Eastern District,
Division 3.

May 15, 1979.

John R. Igoe, Leonard P. Cervantes, St. Louis, for appellant.

Joseph R. Niemann, St. Louis, for respondent.

CRIST, Judge.

This appeal involves the dismissal of an employee of the City of St. Louis. The employee-appellant sought review of her discharge by the Civil Service Commission which upheld her dismissal because she was "unwilling or unable to perform" her work. The circuit court sustained the decision of the Civil Service Commission and this appeal followed. We affirm.

On January 18, 1975, while working in a typist-clerk position for the Community Development Agency, appellant sustained a work-related knee injury compensable under the Missouri Workmen's Compensation laws. For a period directly after her injury, appellant attended work irregularly until she used all but eight hours of her vacation time to receive pay for her absences. Thereafter, from March 3, 1975 to March 31, 1975, appellant was away from work without pay on a leave of absence. Appellant worked from March 31, 1975 to May 19, 1975 at which time she was again granted a leave of absence without pay until November 17, 1975 to enable her to have an operation on her knee.

On November 17, 1975, appellant's physician granted her a release and she returned to work. However, on the next day she left work early to take her son to an emergency dental appointment. At that time, her knee caused her so much pain that she did not return to work for the rest of the week. On November 24, 1975, the following Monday, appellant attempted to return to work but while enroute, suffered injury in an automobile accident. Thereafter, she was again under doctor supervision.

In December, 1975, upon the request of the Director of the Community Development Agency, appellant submitted two doctor's statements which recommended that appellant not return to work "for an undetermined time" and that she was not "sufficiently recovered." On January 12, 1976, the Director of the Community Development Agency terminated appellant's employment.

In April of 1975, appellant had filed a Workmen's Compensation claim for her knee injury. On October 5, 1976, a settlement was reached. The city paid the appellant temporary total disability for forty weeks as well as medical bills totaling $1,540.20 and a lump sum award of $5,800.00.

On appeal, appellant claims the trial court erred in affirming the discharge decision of the Civil Service Commission because the decision "denied appellant the free exercise of her rights under the Workmen's Compensation Statutes of the State of Missouri." The rights which appellant claims she is unable to "freely exercise" are those under § 287.190, RSMo Supp.1975 which guarantee her compensation for a maximum of forty weeks for a "healing period." Appellant argues that because the agency dismissed her before the forty week healing period had run, that she was discriminatorily discharged for exercising her rights under the Workmen's Compensation laws in violation of § 287.780, RSMo Supp. 1975. In essence, appellant maintains that § 287.190 creates in employees an absolute right to retain their jobs for forty weeks after a work-related injury so long as they are unable to return to work.

■ We find no merit in appellant's contention, Section 287.190 provides, in part:

In addition to the compensation in this section provided for all permanent partial disabilities, whether scheduled or unscheduled, the employer shall pay to the employee for a healing period, a period of not to exceed forty weeks of that compensation allowed for temporary total disability under Section 287.170. The healing period shall end at any time with-

in the forty weeks that the employee is able to return to and remain in any employment. The total healing period allowed for all injuries arising out of one accident shall be no more than forty weeks.

It does not attempt to guarantee injured employees jobs. Rather, the purpose of the section is to provide monetary compensation to an employee for a work-related injury. The only duty of an employer dictated under § 287.190 is a duty to *compensate* for the maximum of forty weeks, a duty which can terminate if, during the forty week period, "the employee is able to return to and remain in any employment." The use of the words "any employment" clearly demonstrates the legislature contemplated that an injured employee might resume working at some place other than the place injured, a possibility which could occur only if: (1) the employee quit; or (2) the employer discharged the employee. The latter occurred here.

Section 287.780 provides:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

Under this statute a cause of action lies "only if an employee is discharged discriminatorily by reason of exercising his or her rights under the Workmen's Compensation Law." *Mitchell v. St. Louis County,* 575 S.W.2d 813, 815 (Mo.App.1978). Here, the appellant was not discharged for exercising her rights under § 287.190 in collecting pay during the healing period, but rather because she was "unwilling or unable" to work.

As such this case is indistinguishable from *Mitchell* in which appellant claimed because she was absent from work due to a work-related injury and then fired because of her inability to work, she had a cause of action under § 287.780. This court found that discrimination, the critical element of proof under § 287.780, was missing. In

*Mitchell,* we held that the mere filing of a claim and subsequent discharge for absenteeism due to a work-related injury created no cause of action under § 287.780.

 Here we have a very similar situation. The record is destitute of any evidence of a discriminatory discharge. As we explained earlier, the appellant's discharge during the forty week healing period is irrelevant to the issue of discrimination. The Community Development Agency legitimately discharged appellant for her inability and unwillingness to work which manifested itself in excessive absenteeism.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.