**Richard HENDERSON, Respondent,**

v.

**ST. LOUIS HOUSING AUTHORITY, Appellant.**

**No. 41213.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1979.

Victor J. Klutho, Klutho, Cody & Kilo, St. Louis, for appellant.

Raymond Howard, Jr., St. Louis, for respondent.

REINHARD, Judge.

Plaintiff brought this suit under § 287.-780, RSMo Supp. 1975, alleging that defendant had discharged him because he filed a workmen's compensation claim for work-related injuries. The jury found in favor of plaintiff and granted damages in the amount of $15,000.00. Defendant appeals from the judgment entered on this verdict.

Plaintiff injured his back on July 5, 1973, when he slipped and fell while working for defendant as a custodian. Because of these injuries, plaintiff remained off the job and on sick leave from the date of the injury until June 11, 1974. During this period, he received a $70.00 per week from defendant's workmen's compensation carrier and defendant paid the balance of his $6,000.00 per year salary. On June 11, 1974 plaintiff requested to return to work on a part-time basis, starting at eight hours per week and gradually working up to full time. Defendant denied this request and notified plaintiff by letter dated June 13, 1974 that he was being discharged due to the fact that he was unable to perform his duties. By letter dated August 21, 1974, the defendant informed plaintiff that he would be considered for re-employment if he could regularly perform a forty hour week and if an opening existed.

Plaintiff testified that after receiving the June 13 letter he telephoned Jerry White, defendant's Personnel Manager and inquired why he was discharged. He claimed that White told him that "[he] had filed a Workmen's Compensation Claim, I got my money's worth you know, and we don't have no light duty work for you." However, on both direct and cross-examination, plaintiff further testified that White told him he was fired because he filed a workmen's compensation claim. White denied that he made the statement about workmen's compensation and stated that he did not recall any conversation with plaintiff.

Ms. Jean King, plaintiff's immediate supervisor, testified that when she made the initial recommendation to dismiss plaintiff, she was unaware that he had filed a workmen's compensation claim. She stated that plaintiff was discharged because there was a staff reduction and plaintiff was unable to perform his duties due to his injuries.

Defendant contends that plaintiff failed to make a submissible case "by reason of his failure to meet his burden of proving his discharge was wrongful under § 287.780" and therefore the court should have granted its motion for a directed verdict. Defendant maintains that plaintiff failed to sustain his burden of proof on his pleaded allegation that he was discharged because he filed a workmen's compensation claim on December 15, 1974.

Section 287.780 RSMo Supp. 1975 provides:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who

has been discharged or discriminated against shall have a civil action for damages against his employer.

A cause of action under § 287.780 lies only if an employee is discharged discriminatorily by reason of exercising his or her rights under the Workmen's Compensation Law. *Mitchell v. St. Louis County*, 575 S.W.2d 813, 815 (Mo.App.1978). Plaintiff has the burden of proving the case pleaded in a wrongful discharge action. *Craig v. Thompson*, 244 S.W.2d 37, 42 (Mo. banc 1951). In determining whether the evidence establishes a submissible case, the evidence must be considered in the light most favorable to the plaintiff. He must be given the benefit of all inferences reasonably drawn from the evidence. *Epple v. Western Auto Supply Co.*, 548 S.W.2d 535, 538 (Mo. banc 1977). Further, defendant's evidence must be disregarded, except insofar as it aids or supports plaintiff's case. *Kreutz v. Wolff*, 560 S.W.2d 271, 276 (Mo. App.1977).

■ Plaintiff's testimony that White told him that he was discharged because he filed a workmen's compensation claim constituted substantial evidence that he was discharged discriminatorily because he exercised his rights under the Workmen's Compensation Law. A submissible case was made on plaintiff's pleaded theory and the court did not err in failing to grant defendant's motion for a directed verdict.

Defendant also contends that the court erred in submitting plaintiff's verdict directing instruction, Instruction No. 3 which reads:

Your verdict must be for plaintiff if you believe:

First, the plaintiff was employed by the defendant, and

Second, at the time plaintiff was employed by the defendant, plaintiff exercised his rights under the workmen's compensation law of Missouri, and

Third, as a direct result of plaintiff exercising his rights under the workmen's compensation law of Missouri, defendant discharged plaintiff, and

Fourth, as a direct result of such discharge, plaintiff sustained damage.

Not in MAI, Submitted by plaintiff.

No MAI instruction has been promulgated for a cause of action brought under § 287.780. Defendant argues that the instruction contains only a mere abstract statement of the law and gave the jury a roving commission to speculate as to what rights plaintiff exercised under the statute which resulted in his discharge.

■ Since there is no applicable MAI instruction, an instruction must be formulated in accordance with Rule 70.01(e) V.A. M.R. Such an instruction must be "simple, brief, impartial, [and] free from argument . . . ." The instruction must submit ultimate facts, not abstract statements of law, *Furlow v. Laclede Cab Co.*, 502 S.W.2d 373, 379 (Mo.App.1973), and an instruction not in MAI should only submit ultimate facts which are within the general scope of the pleadings. *Price v. Seidler*, 408 S.W.2d 815, 824 (Mo.1966).

■ Plaintiff contends that Instruction No. 3 is proper because it follows the language of the statute. As a general rule, where the law is embodied in a statute, it is sufficient in instructions to the jury to follow the language of the statute. There are, however, exceptions to the rule, especially where the terms of the statute are general and indefinite. *Davis v. Moore*, 553 S.W.2d 559, 562 (Mo.App.1977).

Plaintiff alleged that he was discharged because he filed a workmen's compensation claim. He made a submissible case on that allegation and we find no other evidence in the record which indicates that he was dismissed for exercising any other right under the statute, even though there was evidence that he exercised other rights.

■ We believe that the instruction was improper. Filing a claim is one of numerous rights an employee has under the Workmen's Compensation Statute. The determination of what is a right is a legal one and for the court and not the jury. The instruction was too general, broader than the pleadings and proof and amounted to a

roving commission because it did not specifically connect plaintiff's discharge to his filing a claim under the Workmen's Compensation Statute. In essence, the instruction invited the jury to speculate as to what right plaintiff exercised which resulted in his discharge.

We need only look to plaintiff's closing argument to see what mischief this instruction allows. Plaintiff's counsel stated: "What you have to decide is whether or not he was discharged because in exercising his rights he could not perform his duties. I submit to you, that is the very issue in this case." He further stated during rebuttal: "Instruction Number 3 is what the law is in this case, and I don't believe you will find any reference to the fact that if you find defendant fired him because he filed a workmen's compensation claim, then you should find he was discharged wrongfully. That's not the law. . . . You can't just get rid of a person because he can't perform his duties." The submission of Instruction No. 3 was error and the case must be reversed.

■ Finally, defendant claims that the court erred in denying its motion for a directed verdict because defendant failed to prove any damages. We do not agree. Defendant contends that it offered to re-instate plaintiff as soon as he was physically able to return to work, however, this contention misstates the evidence. Defendant's witness, White, testified that he did not offer plaintiff a job, but offered to consider him for re-employment when he was able to work forty hours a week and if an opening existed. There was sufficient evidence in the record to sustain the damages awarded by the jury's verdict.

Reversed and remanded.

DOWD, P. J., and CRIST, J., concur.