**Michael DAVIS, Plaintiff-Appellant,**

v.

**RICHMOND SPECIAL ROAD DISTRICT, Defendant-Respondent.**

**No. WD 32653.**

Missouri Court of Appeals,
Western District.

March 22, 1983.

James D. Worthington, of Aull, Sherman & Worthington, Lexington, for plaintiff-appellant.

A.V. McCalley, Richmond, for defendant-respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is an action for money damages for the alleged wrongful discharge of plaintiff by defendant in violation of § 287.780, RSMo 1978. At the close of the evidence, the trial court directed a verdict for defendant. The judgment is affirmed.

Plaintiff presents one point on this appeal, charging that the trial court erred in directing a verdict for the defendant because, under his evidence, he made a submissible case.

By statute, employers are prohibited from discriminating against employees for the latters' exercising of any rights under our workers' compensation laws. The pertinent statute is § 287.780 and reads:

"287.780. Discrimination because of exercising compensation rights prohibited—civil action for damages.—No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer."

On this appeal, the parties have stipulated to the pertinent facts. That stipulation discloses that plaintiff commenced employment with defendant in May, 1977. Plaintiff sustained a minor injury on May 31, 1977. A few days later, plaintiff returned to work. On June 22, 1977, plaintiff was again injured (unrelated to the May 31, 1977 accident), said injury being more serious. Plaintiff obtained medical treatment on June 23, June 28, and July 2, 1977. On July 2, 1977, the treating physician sent a

note to the defendant to allow plaintiff to attempt working on a trial basis on July 11, 1977. On July 11, plaintiff returned to work, but passed out on the job. Plaintiff's request to see a doctor was agreed to by defendant. On the evening of July 12, 1977, the Commissioners of defendant met at a regular meeting. During this meeting, a discussion of plaintiff ensued. At this meeting, the Commissioners voted to terminate plaintiff. On July 13, 1977, a fellow employee delivered plaintiff's "final check" and advised plaintiff, "Curtis says if you can't work, we can't use you." On July 20, 1977 and subsequent to his termination, plaintiff filed his formal claim under the workers' compensation laws for both injuries. Upon a hearing, it was ruled that plaintiff was temporarily disabled for forty weeks and that he suffered permanent partial disability of 15% of his body as a whole. Plaintiff has never returned to work.

In addition, there is no dispute between the parties that plaintiff has received full entitlement under the workers' compensation laws.

Plaintiff presents a bifurcated argument. He first acknowledges that the statute (§ 287.780) requires a wrongful discharge or discrimination. He further acknowledges the fact that wrongful discharge can be shown by direct evidence as shown in *Henderson v. St. Louis Housing Authority,* 605 S.W.2d 800, 803 (Mo.App.1979). In *Henderson,* the court pointed out: "A cause of action under § 287.780 lies only if an employee is discharged discriminatorily by reason of exercising his or her rights under the Workmen's Compensation Law." In *Henderson,* the court noted that the evidence in that case revealed and supported that plaintiff's claim that he had been discharged because he had filed a workers' compensation claim. The *Henderson* court found the evidence to be substantial to show a discriminatory discharge of the plaintiff employee. There is no such direct evidence in the instant case. With that element lacking, plaintiff suggests that a submissible case under the statute can be made by *indirect evidence* or *inference.*

To support this contention, plaintiff initially and flatly concludes that the ruling in *Henderson* (which declares that a cause of action under the statute lies only if an employee is discharged discriminatorily) is wrong. Plaintiff makes the same attack upon the court's ruling in *Mitchell v. St. Louis County,* 575 S.W.2d 813 (Mo.App. 1978). Plaintiff argues that the rule in both of those cases runs contra to the language of the statute.

Plaintiff further argues that it was the intent of the Missouri General Assembly, within the statute, that a discharge for exercising workers' compensation rights is and of itself discriminatory. Plaintiff submits that it is not his contention that all discharges of injured employees give rise to a claim under the statute; to the contrary, only those discharges which arise or are based or caused by the employee's exercise of his or her workers' compensation rights.

. Plaintiff suggests that the distinguishing feature in *Mitchell* and *Rodriguez v. Civil Service Commission,* 582 S.W.2d 354 (Mo. App.1979) is that the employees were discharged for absenteeism after they became healthy enough to return to work. Plaintiff further suggests that an employee claim under the statute, by indirect evidence or inference, must be allowed because there will be few cases where an employer would admit, concede, or acknowledge, by direct evidence, that the discharge was due or related to the employee's exercise of his or her rights under the workers' compensation law.

In the second half of his argument, plaintiff reemphasizes the factual situation herein (noted above), claiming that he was possessed of all his rights to pursue his workers' compensation claim. He then argues that he "had a right to return to his job if and when he was well and able." Plaintiff neither suggests nor admits the applicability of any time schedule or time frame for the claim of his right to return to his employment. He merely suggests that the employer can hire temporary labor pending the employee's return. In support of this secondary contention, plaintiff urges this

court to "strike down the portion of *Rodriguez* which holds under headnote one (1) on page 355 that employees have no absolute right to retain their jobs for 40 weeks after work-related injuries so long as they are unable to return to work." It is plaintiff's further argument that the court in *Rodriguez* made an improper distinction-if the worker is unable to return to work he may be discharged. It is plaintiff's position that § 287.190, RSMo 1978, setting forth the particulars of permanent partial disability relative to workers' compensation claims, does not "stand alone." It is his further suggestion that "in combination with 287.-780, [§ 287.190] does hold that a job must be held and be available for 40 weeks if the employee is injured in a worker's compensation accident and is temporarily totally disabled and unable to work during that time."

Briefly summarized, plaintiff's argument urges to this court that (a) a claim under § 287.780 is provable by indirect evidence or by inference premised simply from the fact that an employee pursues his or her rights under our workers' compensation laws and is terminated regardless if the termination is shown to have been without discrimination because of the exercise of those rights; (b) that this court strike down that portion of *Rodriguez* which holds that an employee may be discharged if it be shown that the employee is unable to return to work; and (c) that in the instant case, this court find that plaintiff made a submissible case under § 287.780.

Defendant road district meets plaintiff's contention by relying upon *Mitchell* which, upon declaring that a cause of action arises under the statute "only if an employee is discharged discriminatorily by reason of exercising his or her rights under the Workmen's Compensation Law" (*Mitchell* at 815), went further and noted that under the facts and circumstances, plaintiff failed to prove the "critical element of discrimination"; upon *Rodriguez* which ruled (at 356) that while an employer is required (under our workers' compensation laws) to pay benefits to an injured employee for a period not to exceed 40 weeks as a healing period (§ 287.190), that same statute (§ 287.190) "does not attempt to guarantee injured employees jobs. Rather, the purpose of the section is to provide monetary compensation to an employee for a work-related injury"; and upon *Henderson,* which adopted the rule announced in *Mitchell* which held that a claim under § 287.780 arises only if an employee has been discharged discriminatorily by reason of the exercise of his or her rights. In *Henderson,* the court found that upon the direct evidence submitted, the employer had discharged the employee for the exercise of his rights under the workers' compensation law and ruled that the employee did make, under such evidence, a submissible case under § 287.780 for discriminatory discharge.

Defendant correctly points out that *Mitchell* and *Henderson* clearly establish that an employee does have a claim under § 287.780 if the employee is discriminated against by discharge for exercising rights under the workers' compensation laws.

Defendant then further argues that plaintiff, under his evidence, failed to prove that his discharge was discriminatory upon the exercise of his rights under the workers' compensation laws.

As noted above, plaintiff has received full entitlement of benefits under the workmen's compensation law commensurate with his injury. In addition, there is nothing upon this record which even suggests that defendant, as employer, did anything to discourage, thwart, or hamper plaintiff in the pursuit of his rights under the workers' compensation laws.

The crux of this entire appeal is whether this court is going to (a) discard the requirement of discrimination as a required element of a plaintiff's claim under § 287.780, or alternatively, permit the proof of discriminatory discharge by indirect evidence or inference arising simply from the combined facts of the employee's claim for compensation and his discharge from employment; and (b) discard the rule in *Rodriguez* which holds, "It [§ 287.190] does not attempt to guarantee injured employees jobs"

and in lieu thereof, adopt a rule that an employee is an insurer or guarantor of a job or employment on behalf of the employee regardless of when or if the employee ever returns to work.

This court is not persuaded that the rules announced in *Mitchell, Rodriguez,* and *Henderson* are unsound. By its wording, § 287.780 is, to the extent of authorizing recovery of damages by a civil action, penal in nature. The statute predicates recovery upon the *discharge* or *discrimination* of an employee for the exercise of his or her workers' compensation rights. By its wording, the statute does not convey an intent that mere discharge of an employee gives rise to a claim against the employer. On the other hand, the statute reveals a legislative intent that there must be a causal relationship between the exercise of the right by the employee and his discharge by his employer arising precisely from the employee's exercise of his rights, and upon proof, that the discharge was related to the employee's exercise of his or her rights. In its enactment of § 287.780, the General Assembly did not prohibit (although it could have) the discharge of employees merely during the pendency of a claim for workers' compensation. On the other hand, the General Assembly, by its wording of § 287.780, enacted a prohibition against employers (to the extent they might be liable for damages in a separate civil proceeding) not to discriminate or discharge employees because of the employee's exercise of his or her rights relative to a workers' compensation claim. Stated another way, the legislative intent conveyed by the statute is to authorize recovery for damages if, upon proof, it be shown that the employee was discriminated against or discharged simply because of the exercise of his or her rights regarding a workers' compensation claim.

As an alternative, what is urged by plaintiff is that proof of a discriminatory discharge should be provable simply by the combination of two facts, i.e., the exercise of the right by the employee, coupled with his or her discharge from employment. By its very wording and the intent within, the statute requires more than that mere show-ing. The statute prohibits the discharge and discrimination. Discharge and discrimination for what? For the exercise of the employee's rights relative to a workers' compensation claim. The intent of the statute would be expressed more clearly if it was worded to read: An employer shall be subject to damages in a civil action brought by his employee if said employer discriminates or discharges the employee because the employee pursues his or her workers' compensation rights.

There is nothing unsound about the rationale supportive of the rule pronounced in *Mitchell* and *Henderson* regarding the employee to bear the burden of proof by competent evidence that he sustained discrimination or was discharged because of the pursuit of rights under the workers' compensation laws. There is nothing unsound in the rule within those cases which requires an employee prove, by competent evidence that he was discriminatorily discharged. Such rule and rationale clearly express the legislative intent within § 287.780.

What plaintiff urges is a rule which would relieve a plaintiff of the burden of showing by competent evidence and as part of his case in chief that his discharge was the result of discrimination because the employee exercised his or her rights under the workers' compensation laws. Section 287.780 does not lend itself to such an interpretation. There is no merit to plaintiff's contention that the rule in *Mitchell* or *Henderson* is unsound and it should be rejected. In addition, there is no merit to plaintiff's contention that § 287.780 lends itself to the interpretation suggested by plaintiff.

Plaintiff further urges this court to reject the rule in *Rodriguez* and in essence, asks this court to interpret § 287.190 and § 287.780 in combination and in such manner that an employer must insure to an injured employee his subsequent return to work. This concept is untenable for two reasons. In the first instance, § 287.190 and other workers' compensation laws are intended to compensate employees for job related inju-

ries and are not intended to insure job security. Thus, such a concept runs contrary to the intent of the workers' compensation laws. Secondly, if such a rule were to be adopted, it would put employers in an impossible position of having to hold a job position for an employee ad infinitum. How would the position be held for the employee? Would it simply not be filled at all? Or, as suggested by plaintiff, should the employer be required to hire someone temporarily pending the return of the employee? That leads to determining what is temporary. How would the "temporary" employee ever acquire fixed employee status, benefits, etc? The problem or problems are evident, both as to their number and complexity if such a rule were to be adopted.

Plaintiff's contention that the rule announced in *Rodriguez* is meritless.

In the instant case, finding no justification for rejecting the rules in *Mitchell, Henderson,* and *Rodriguez,* attention is directed to the question, did plaintiff make a submissible case in support of his claim under § 287.780? The answer is no. By his proof, plaintiff established only that he suffered a job-related injury, exercised his rights under our workers' compensation laws, received full entitlement under those laws and that he was discharged from his employment by defendant. There is no evidence that plaintiff was discharged because of or as a result of his exercising his rights under our workers' compensation laws. The result is that plaintiff failed to carry his burden of proof that he was discriminatorily discharged. The trial court did not err in directing a verdict to defendant's favor at the close of the evidence.

The judgment is affirmed.

All concur.