Maudie Mae **LOHSE**, Respondent,

v.

**ST. LOUIS CHILDREN'S HOSPITAL, INC.,** Appellant.

No. 47904.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 29, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Application to Transfer Denied April 30, 1985.

Shepherd, Sandberg & Phoenix, P.C., John S. Sandberg, Paul N. Venker, St. Louis, for appellant.

V. John Kessler, St. Louis, for respondent.

CRIST, Presiding Judge.

Wrongful discharge case under Worker's Compensation Law. We reverse.

On September 4, 1984, this court issued its opinion finding employee failed to establish a submissible case. On November 20, 1984, the Supreme Court of Missouri sustained employee's application to transfer to that court. On the same day, the Supreme Court of Missouri retransferred the case to this court for reexamination in light of *Hansome v. Northwestern Cooperage Company,* et al., 679 S.W.2d 273 (Mo. banc 1984).

St. Louis Children's Hospital (hospital) appeals from a judgment of the Circuit Court of the City of St. Louis for Maudie Mae Lohse, respondent (employee), following a jury verdict awarding employee $12,500.00 actual damages on Count I of her petition for wrongful discharge under Worker's Compensation Law. The court had earlier entered a directed verdict in favor of hospital on Count II, a prima facie tort claim for the destruction of employee's employment file. This court affirmed the dismissal of Count II. *Lohse v. St. Louis Children's Hospital,* 646 S.W.2d 130 (Mo. App.1983).

■ Hospital contends employee failed to produce evidence sufficient to establish a cause of action under Section 287.780 RSMo 1978. The statute states no employer or agent shall discharge or in any way discriminate against any employee for exercising his rights under Worker's Compensation Law.

In reviewing submissibility, we consider the evidence in a light most favorable to the employee. Hospital's evidence is disregarded except insofar as it aids or supports employee's case. *Arie v. Intertherm, Inc.,* 648 S.W.2d 142, 149 (Mo.App. 1983).

In *Hansome,* employee was fired during the treatment period about 6 weeks after the injury. He was released from medical care 2 months after the injury and reported to work. His employer stated he fired him because he was hurt on the job, drew Worker's Compensation benefits and sought medical treatment. We view *Hansome* as being in accord with *Arie v. Intertherm, Inc.,* 648 S.W.2d 142 (Mo.App. 1983), *Henderson v. St. Louis Housing Authority,* 605 S.W.2d 800 (Mo.App.1979) and *Russell v. United Parcel Service, Inc.,* 666 F.2d 1188 (8th Cir.1981).

The facts in the case at bar compel a different result. Employee was a nurse technician. As a nurse technician, she carried out primary care of patients. This included bathing patients, changing their clothes and changing sheets on their beds and other tasks necessary to care for patients.

On January 18, 1976, employee injured her back while assisting a patient into bed. Her supervisor advised her to see a doctor. Doctor ordered no work for approximately three months. In May 1976, she saw Dr. Arnot, insurance company doctor. He released her for work. Near the end of 1976, she again saw Dr. Arnot for back problems. He ordered bed rest and no work for 2 to 3 months. She was absent from work approximately 128 days in 1976, 29 days in 1977 and 34 days in the first five months of 1978. She was discharged on May 30, 1978, more than two years after her injury. Employee's work involved heavy lifting. Employee admitted she was not physically able to do the work required of her as a nurse technician. She was absent from work from other causes as well as her back problems during the two plus years. She admitted she was discharged due to excessive absenteeism.

On June 23, 1978, employee filed a Worker's Compensation case. On July 6, 1978, she had back surgery. Dr. Arnot cared for her through her surgery. Her Worker's Compensation benefits were not impaired.

Employee submits the following evidence in support of her contention that employer discriminated against her for exercising

her rights under Worker's Compensation Law: (1) Employee's supervisor did not give her light work required by her physical condition. Rather, her duties were increased; (2) Employee's supervisor made verbal comments suggesting employee was abusing her rights; (3) Employee received no support from the "employee advocate" at a grievance proceeding she instituted to protest the firing. Employee was allowed neither to tape record the proceeding nor to bring an attorney; (4) Employer's Worker's Compensation coverage was cancelled within one month after employee's injury.

■ In an action under Section 287.780 RSMo 1978, the employee has the burden of proving by competent evidence she was discriminatorily discharged. *Davis v. Richmond Special Road Dist.*, 649 S.W.2d 252, 255 (Mo.App.1983). In this case, employee was injured on January 18, 1976, and returned to work on April 8, 1976. In less than a week, the head nurse transferred her from 3A to 4C, general pediatrics. While she had the same job position, "it was harder, had bigger kids and usually sicker kids too." 4C was a larger unit and had more beds in it. There was no doctor's order she was supposed to be on lighter duty at this time.

While employee testified Dr. Arnot told her many times she should only be doing light work, and gave her a note (contents unknown) to give to her supervisor, she was never placed on light duty. The only evidence employer knew of a doctor's order for light duty, was one made by Dr. Arnot in the Spring of 1978.

The verbal comments did not show employee was fired for exercising her Worker's Compensation rights. Employee was asked if she had been given a verbal reprimand regarding her absences from work. She said the head nurse had warned her in the Spring of 1978 the hospital would not tolerate any more sick leave, that she would be replaced. She was then asked if the head nurse had said anything about her Worker's Compensation case. She replied, "she slurred a few times about gravy train." At the first grievance hearing after her discharge, the head nurse had said

"if it was not for the injury you would not have all of these problems."

The grievance proceedings occurred after the firing. The fact employee received little support from her "employee advocate" would have little weight in whether employee was the object of discrimination. Also, the fact of the cancellation of the Worker's Compensation insurance coverage within one month after the employee's injury is of little weight.

■ Employee does not offer substantial evidence of discrimination to support her case. Frequent absences caused in part by the work related injury resulted in termination. Under the statute a cause of action lies "only if an employee is discharged discriminatorily by reason of exercising his or her rights under the Worker's Compensation Law." *Rodriguez v. Civil Services Commission*, 582 S.W.2d 354, 356 (Mo.App. 1979); *Mitchell v. St. Louis County*, 575 S.W.2d 813, 815 (Mo.App.1978).

The judgment is reversed.

REINHARD, C.J., and DOWD, J., concur.