**James HICKMAN, Plaintiff/Respondent,**

v.

**The MAY DEPARTMENT STORES COMPANY and Venture Stores, Inc., Defendants/Appellants.**

No. 64886.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 13, 1994.

Application to Transfer Denied Dec. 20, 1994.

Gerald M. Richardson Greensfelder, Hemker & Gale, P.C., St. Louis, for appellants.

Lynda Cleek Watts, Dolgin & Watts, Clayton, for respondent.

AHRENS, Judge.

In this jury-tried retaliatory discharge case, defendants May Department Stores Company and Venture Stores, Inc. appeal the judgment against them. They allege four errors by the trial court: (1) denial of defendants' motion for judgment notwithstanding the verdict regarding the liability issue of plaintiff James Hickman's claim of retaliatory discharge; (2) denial of defendants' motion for judgment notwithstanding the verdict regarding the punitive damages awarded plaintiff; (3) denial of defendants' motion to dismiss venireperson Mueller for cause; and (4) denial of defendants' motion for a new trial based on the cumulative prejudicial effect of multiple erroneous evidentiary rulings.

The facts, viewed in the light most favorable to plaintiff, indicate plaintiff was hired by defendants on April 12, 1983, as the lead man of the cleaning crew at defendants' Crystal City store. Plaintiff's supervisors gave no indication that they were unhappy with his work until January 10, 1985. Prior to this date, he received three positive job performance appraisals, three increases in his hourly salary, and, as an employment benefit, coverage under defendants' group medical, dental and life insurance policies. The event that is at the crux of plaintiff's claim was a work-related injury which occurred on November 4, 1983. Before any claim for compensation was filed with the Division of Workers' Compensation ("Division"), both parties made some preparations in anticipation of a claim being filed. Defendants filled out a Report of Injury form, informed plaintiff of his rights under the Workers' Compensation Law, started paying plaintiff's medical bills and instructed him to get a physical examination. Plaintiff, during this time, was examined by a physician and hired an attorney. Plaintiff filed a claim for compensation for this injury on June 11, 1984.

Plaintiff received the last of his three positive job performance appraisals and the last of his three pay raises in July, 1984, one month after filing the workers' compensation claim. On January 10, 1985, plaintiff received his first negative evaluation from defendants, a verbal warning citing "specific examples of unsatisfactory performance". On January 18, the Division mailed notice of a workers' compensation claim hearing to both parties. The hearing was scheduled for March 8.

After the notice had been mailed, defendants started formal disciplinary procedures against plaintiff. Two disciplinary forms were issued to plaintiff, one on January 27 and one on February 22. On March 8, the same day as the workers' compensation hearing, plaintiff received a negative quarterly evaluation from one of his supervisors. A week later, on March 16, he received another negative quarterly evaluation, this time from a different supervisor.

Plaintiff amended his claim for compensation by filing a claim against the Second Injury Fund with Division on March 8. Division mailed a notice to defendants on March 20 informing them of the amended claim and requested an Answer.

The disciplinary procedures by his supervisors culminated in plaintiff's termination on March 21, 1985. On March 20, 1990, plaintiff filed a retaliatory discharge claim. After a

trial, he was awarded $45,000 in actual damages and $350,000 in punitive damages.

Defendants' first point argues that the trial court erred in denying their motion for judgment notwithstanding the verdict on the issue of liability because plaintiff failed to establish a submissible case by not providing sufficient evidence of every element of the claim of retaliatory discharge.

To prove the tort of retaliatory discharge under § 287.780, RSMo1986, a discharged plaintiff must prove all four elements of the action: (1) plaintiff's status as employee of defendants before suffering a work-related injury, (2) plaintiff's exercise of a right granted by the Workers' Compensation Law, Chapter 287, RSMo1986, (3) employer's discharge of or discrimination against plaintiff, and (4) an exclusive causal relationship between plaintiff's actions and defendant's actions. *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 275 (Mo. 1984). Defendants challenge only the last element. We review the record to determine whether the plaintiff met his burden of producing sufficient evidence of an exclusive causal relationship.

Plaintiff argued at trial that he was discharged because of the pursuit of his rights under the workers' compensation laws. He contends that all the documentation that indicates he was discharged because of a poor job performance was created as a pretext to defendants' tortious behavior. Defendants counter this argument by contending that plaintiff's supervisors responsible for his performance evaluations had no knowledge of the on-going workers' compensation claim. Although enough cumulative evidence was presented to support a reasonable inference that the discharging supervisors were aware that a claim was being processed, no direct evidence was presented that these supervisors had any specific knowledge regarding the claim. Defendants argue that even if plaintiff's supervisors were aware that a claim was being processed, merely presenting evidence that plaintiff's supervisors were aware of the workers' compensation claim is insufficient to submit a claim of retaliatory discharge to a jury. Defendants further contend that no other substantial evidence of

plaintiff's supervisors' motivation was presented at trial. We agree.

In reviewing a submissibility issue, we consider the evidence in the light most favorable to plaintiff, giving plaintiff the benefit of all reasonable inferences and disregarding defendants' evidence except to the extent that it furthers plaintiff's arguments. *School District of the City of Independence, Missouri, No. 30 v. U.S. Gypsum Co.*, 750 S.W.2d 442, 445–46 (Mo.App.1988). However, the court is not permitted to supply missing evidence or to give plaintiff the benefit of unreasonable, speculative, or forced inferences. *Nettie's Flower Garden v. Sis, Inc.*, 869 S.W.2d 226, 231 (Mo.App.1993).

Plaintiff admits he presented no direct evidence of his supervisor's motivation for discharging him. He relies heavily upon *Reed v. Sale Memorial Hospital and Clinic*, 698 S.W.2d 931 (Mo.App.1985) for the proposition that the proof that an employee was discharged solely in consequence of his exercise of some right under Workers' Compensation Law is necessarily indirect. One of the factors considered by the court in *Reed* when determining causality is the proximity in time between the employee's exercise of his workers' compensation rights and the employee's discharge. *Id.* at 935. In *Reed*, plaintiff was discharged two days after informing her supervisor that she had filed a claim for compensation. Unlike the instant case, however, evidence other than temporal proximity was presented to the jury establishing the necessary causality. In *Reed*, the court was strongly persuaded by evidence that the defendant employer had expressly declared a retaliatory motive for plaintiff employee's discharge. *Reed*, 698 S.W.2d at 935. Furthermore, the court considered the fact that at the time of her discharge, the employee had never been written up for poor job performance. More to the point is *Mitchell v. St. Louis County*, 575 S.W.2d 813 (Mo. 1978) where the plaintiff employee rested her case solely on the fact that she was discharged several months after filing a claim for compensation. In *Mitchell*, the court dismissed the retaliatory discharge claim, stating "the employee had no probative evidence

other than the filing of the claim and the subsequent discharge." *Id.* at 815.

■ In the instant case, the evidence reveals a *nine month* span between the time plaintiff filed his claim for compensation and the time he was discharged and a seven month span between filing his claim and receiving his first negative job appraisal. We hold that absent other substantial evidence of causality, the temporal proximity of these events is an insufficient basis on which to submit a retaliatory discharge claim to a jury.

■ Plaintiff argues that other events related to his exercise of his workers' compensation rights were close enough in time to events related to his discharge to create a reasonable inference of an exclusive causal relationship between these events. Specifically, plaintiff was discharged twelve days after adding a Second Injury Fund claim to his workers' compensation claim and only one day after Division mailed a notice of plaintiff's Second Injury Fund claim. Also, plaintiff received his first written disciplinary form just nine days after Division mailed a notice of a claim hearing to defendant. No other evidence was presented that plaintiff's supervisors had knowledge of the existence or contents of these documents.

■ First, the filing of a Second Injury Fund claim by an employee is not evidence that an employer acted with a retaliatory motive, because employers are not directly liable for such a claim. § 287.715 (Supp. 1993). Second, a single hearing notice from Division without any direct evidence that plaintiff's supervisors were aware of the notice constitutes no evidence that these supervisors disciplined plaintiff because of his exercise of his workers' compensation rights. Plaintiff asks us to infer that his supervisors intentionally falsified several disciplinary forms and several negative work evaluations so they could retaliatorily discharge him two months after receiving notice of a claim hearing under the pretext of firing him for a bad job performance. Even when viewed in the light most favorable to plaintiff, such an inference is too speculative as a matter of law.

The judgment of the trial court is reversed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.