Bobby **WILLIAMS**, Plaintiff-Appellant,

v.

**CLEAN COVERALL SUPPLY CO., INC.,**
Defendant-Respondent.

No. 41294.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 16, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Larry W. Glenn, St. Louis, for plaintiff-appellant.

H. Kent Munson, St. Louis, for defendant-respondent.

STEWART, Presiding Judge.

Plaintiff, a former employee of defendant, filed a three count petition against defendant seeking damages for failure to compensate plaintiff for all hours worked by plaintiff. Count I alleges the breach of an oral contract between the parties in which plaintiff was to receive compensatory time off for hours worked in excess of forty hours per week and seeks compensation for 6000 hours of overtime. Count II alleges that plaintiff worked for defendant as fleet manager and truck mechanic "accumulating 6000 hours of those services for which he was not paid, reimbursed, nor compensated in any manner by defendant," that "[d]efendant has been unjustly enriched by accepting the services of plaintiff and not compensating him therefor in any manner." Count III places the factual allegations of Count I in the posture of an action in fraud. It alleges that in offering plaintiff compensatory time off for overtime, defendant did not intend to compensate plaintiff "[b]y allowing him paid time off as aforesaid." It further alleges that plaintiff, relying on defendant's offer, accepted employment with defendant. The trial court granted summary judgment in favor of defendant and plaintiff appeals.

We affirm.

From the pleadings, interrogatories, documents and affidavits on file the facts viewed favorably to plaintiff[1] reveal that plaintiff had been employed by defendant

1. *Casterline v. Stuerman*, 588 S.W.2d 86 (Mo. App.1979).

as a mechanic on August 21, 1964; his employment was terminated on March 4, 1977. During his period of employment plaintiff was a member of the bargaining unit represented by Local 777 of the International Association of Mechanics and Aerospace Workers, AFL-CIO, hereafter referred to as the "union." The work performed by plaintiff was covered by a collective bargaining agreement between defendant and the union. Plaintiff and defendant entered into an oral agreement whereby plaintiff was to receive seventy cents an hour above the current minimum union wage scale for forty hours a week regardless of the number of hours worked over forty hours. He was being paid the sum of $345.20 per week at the time of his discharge. It was also agreed that plaintiff would be compensated for overtime work by allowing him paid time off. At various times throughout his employment he made demand to be compensated for overtime worked and was promised that he would be compensated by way of compensatory time off. At the time of his discharge he had worked 6000 hours of overtime without the promised compensation.

On February 24, 1977, a written grievance was filed by plaintiff charging inter alia that the defendant was in violation of the collective bargaining agreement in failing to pay for overtime. This grievance has not been fully processed.

The issue that is determinative of this case is whether the controversy between the parties is required to be processed under the grievance procedures provided by the collective bargaining agreement between defendant and plaintiff's union.

The collective bargaining agreement, Article IX, Section I provides:

*"Grievance Procedure*

*Section I.* All complaints and/or grievances shall be disposed of between the Employer and the Local Union, or an employee of the Employer, within five (5) working days after the complaint first arises. If not so disposed of, the complaint shall be reduced to writing and presented to the Employer within three (3) days thereafter and shall be processed in accordance with the procedure set forth in this Article. If not so reduced to writing and presented to the Employer within the time period prescribed herein, it shall be considered as dropped.

*Section 2.* All question of interpretation of this Agreement, or grievances arising hereunder, shall be determined in the following manner."

Then follows the various steps in the grievance procedure from informal discussions through arbitration. The contract further provides that a decision at any level of the proceedings, if not appealed to the next level, ". . . shall be final and binding upon the Employer, the Union and the employee."

Many of the cases refer to the grievance procedure as the arbitration clause. In most instances the effect of following the grievance procedure would result in binding arbitration. The terms are sometimes used interchangeably in the cases.

There is no dispute between the parties as to the basic legal premise in this case. In the State of Missouri, where a collective bargaining agreement provides a grievance procedure for the settlement of disputes between the employer and the union or the employee, the parties aggrieved must exhaust the remedies provided by the agreement before resorting to the courts for redress. *Transcontinental & Western Air, Inc. v. Koppal,* 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 (1953); *Ware v. St. Louis Car Company,* 384 S.W.2d 287 (Mo.App. 1964); *Mayfield v. Thompson,* 262 S.W.2d 157 (Mo.App.1953).

The primary issue here is whether the dispute between plaintiff and defendant is within the contemplation of the grievance procedures set out in the collective bargaining agreement.

As to Count I of plaintiff's petition it is plaintiff's contention that the separate oral agreements he had with defendant were not within the purview of the grievance procedure provided in the collective bar-

gaining contract and as a result the trial court has jurisdiction of this action.

■ In approaching the issues in this case we are cognizant of the principle that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *United Steel Workers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960).

■ However the collective bargaining agreement differs from the ordinary commercial contract in that it "is an effort to erect a system of industrial self-government," 363 U.S. at 580, 80 S.Ct. at 1351, and the "grievance machinery ... is at the very heart of the system ...." Id. at 581, 80 S.Ct. at 1352. A particular dispute must be processed through the grievance procedure "unless it may be said with positive assurance that the arbitration clause is not susceptible of any interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." Id. at 582–583, 80 S.Ct. at 1353.

The nature of the collective bargaining agreement and its relations to individual express contracts of hire was delineated early in the development of modern labor management relations. To capsulize the principles set out in *J. I. Case & Co. v. National Labor Relations Board*, 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762 (1944), the collective bargaining agreement between the employer and the representatives of a unit of employees usually provides terms that govern hiring, the nature of the work to be performed by the covered employees, hours of work and rate of pay. The collective bargaining agreement is not a contract of employment. When the employer makes individual hirings, the individuals covered by the agreement are identified and become entitled to the benefits of the agreement even if they would go to work on less favorable terms. "The individual hiring contract is subsidiary to the terms of the trade agreement ..." and the parties to any individual agreement may not waive any of its benefits. The individual may,

under certain circumstances, add to matters covered by the bargaining contract but may not take less than that provided in the collective agreement.

■ In the case under consideration, the collective agreement provided for a minimum rate of pay for the first forty hours worked in a work week of five eight-hour days. Inasmuch as the regular rate of pay was designated as a minimum rate, plaintiff and his employer could agree that plaintiff be paid 70 cents per hour more than the minimum rate. Such an agreement was clearly contemplated by the collective agreement and is thus subject to all of its terms. Under the bargaining contract plaintiff was entitled to time and one-half for overtime and double time for hours worked on Sundays or holidays. In adhering to the principles enunciated above, the employer and the individual employee could not undermine the collective bargaining agreement by negotiating for compensatory time off in lieu of the overtime provisions of the collective bargaining agreement. Both plaintiff and defendant were bound by the provisions of the collective agreement that were more favorable to the employee. *J. I. Case & Co. v. N.L.R.B., supra.* The agreement between plaintiff and defendant on overtime is of no effect. Defendant was required to comply with the provisions of the collective agreement with respect to overtime. The controversy before us comes within the contemplation of that agreement.

■ We would also reach the same conclusion if we were to find that the parties were free to contract for compensation for overtime by way of compensatory time off. The nature of the dispute determines whether it is a matter subject to the grievance procedures provided in the collective bargaining agreement. A dispute which arises out of subject matter covered in the collective bargaining agreement is subject to the grievance procedure. So far as the employee is concerned, wages and hours of work are the principal subjects of the agreement. A dispute concerning the pay-

ment of wages or the hours worked whether the rates are those specifically set out in the contract or those individually negotiated, are to be processed through the procedures provided by the collective agreement.

In the case before us the plaintiff and defendant purported to negotiate with respect to the rates of pay and the hours to be worked. Their agreement did not cover other matters covered by the collective bargaining contract such as lay offs, fringe benefits, or grievance procedures. Any such individual agreement is subsidiary to the collective agreement. *J. I. Case & Co. v. N.L.R.B., supra.* If we assume arguendo that the separate individual agreement was a valid agreement it is subsidiary to or supplementary to the collective bargaining agreement; it becomes a part of the collective agreement and disputes concerning the supplementary agreement must be resolved by way of the procedures provided in the collective bargaining agreement.

Plaintiff further urges that Count II is an alternative action for restitution for unjust enrichment and that such actions are not within the scope of the agreement. He alleges that he provided 6000 hours of work for defendant which was accepted by defendant but for which defendant did not pay him. In this count plaintiff does not allege the oral agreement that called for the payment of compensatory time off for overtime.

As a result we do not have the issue raised by plaintiff under Count I of his petition that an individual contract of hire with a different wage scale removed the question of payment for work performed from the terms of the collective agreement. It necessarily follows that absent an individually negotiated contract for wages, plaintiff, as a member of the union's bargaining unit, is to be compensated for overtime work as provided in the collective bargaining agreement. A dispute with respect to wages or hours of work is subject to the grievance procedure. Plaintiff may not defeat the purposes of the collective bargaining agreement by giving his claim the label of restitution for unjust enrichment or quantum meruit.

Plaintiff also claims that Count III is an action for fraud and therefore it is not within the scope of the grievance provision of the collective agreement. This count has for its base the oral agreements between plaintiff and defendant whereby plaintiff was to receive compensatory time off for overtime. What we have said above with respect to Count I is applicable here. The oral agreement with respect to overtime pay conflicts with the collective bargaining agreement. This portion of the oral agreements is invalid and cannot be the basis of an action in fraud. Plaintiff must look to the collective bargaining agreement for the compensation due him for the overtime hours worked by him. The issue then comes within the terms of the collective bargaining agreement and requires the use of the grievance procedure for settlement of the dispute. *J. I. Case & Co. v. N.L.R.B., supra.*

In any event Count III arises out of the principal subjects of the collective bargaining agreement wages and hours of work and it has a meaningful connection with the collective agreement. The dispute is within the contemplation of the broad provisions of the contract with respect to grievances. *United Steelworkers v. Warrior and Gulf Navigation Co., supra; J. I. Case & Co. v. N.L.R.B., supra.*

We have considered plaintiff's cases but do not find them controlling in this case. *Old Dutch Farms, Inc. v. Milk Drivers and Dairy Employees Union,* 359 F.2d 598 (2nd Cir. 1966) involved secondary action in violation of § 303(a) and (b) of the Labor Management Relations Act and it therefore was outside of the purview of the particular grievance provision of the contract in that case. In *United Construction Workers AFL–UMW v. Laburnum,* 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025 (1954), the employer sued for damages as a result of assaults upon its officers and employees in organizing efforts by the union. There was no collective bargaining contract between the parties.

Plaintiff, for the first time in his reply brief, contends that it would have been futile to pursue the contractual remedies. Plaintiff did not plead and we find no facts of record that would sustain this position. He makes reference to depositions but we find no depositions in the record before us. We are confined to consideration of the record as presented to us and thus we may not consider this issue. *Davis v. Long*, 521 S.W.2d 7, 9 (Mo.App.1975).

In view of the disposition we make of this case, the question of whether the statute of limitations was a basis for the trial court's judgment as to Counts II and III is no longer an issue in this appeal and need not be determined.

The collective bargaining agreement provides the method by which disputes concerning payment for overtime were to be processed. Plaintiff has not exhausted the remedies provided by the contract. We affirm the judgment of the trial court.

WEIER and SNYDER, JJ., concur.