Sam **ODUSELU**, Appellant,

v.

**CONTICO INTERNATIONAL, INC.**, Respondent.

No. 42804.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 22, 1981.

Eugene H. Fahrenkrog, Jr., St. Louis, for appellant.

Charles W. Ahner, Jr., St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff Sam Oduselu appeals from a summary judgment in favor of his former employer, Contico International, Inc. He sought damages from Contico claiming it failed to give him a letter truly stating its reason for his discharge. Section 290.140, RSMo. 1968. This action followed an arbitration proceeding adverse to Oduselu.

Plaintiff belonged to a union having a collective bargaining agreement with Contico. It provided for a grievance procedure ending in arbitration; thereby the arbitrator's decision is final and binding on employer and employee.

Before bringing the present action plaintiff had submitted an arbitration claim against Contico for wrongful discharge. The claim was duly processed and the arbitrator found against Oduselu.

He then wrote Contico asking for a service letter stating the reason for his prior discharge. Contico responded that the reason was Oduselu's insubordination and failure to follow orders. Plaintiff then filed the present action for failure to give him a true service letter. Contico moved to dismiss on the ground that under the collective bargaining agreement plaintiff's action at law was barred by the adverse arbitration award. The trial court so found and plaintiff has appealed the summary dismissal of his petition.

■ At the core of this issue is the long founded law that submission of a grievance to labor arbitration under a collective bargain agreement is binding on the parties and bars recovery under the cited service letter statute. See *Grubb v. Leroy L. Wade & Son, Inc.*, 384 S.W.2d 528 (Mo.1964).

We followed *Grubb* in *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643 (Mo. App.1979). As here plaintiff union member was discharged for violating a collective bargaining rule. Cooper's discharge was upheld by a joint grievance committee and he then filed for damages under Section 290.140. The trial court granted summary judgment against Cooper. On appeal we affirmed relying on *Grubb* and holding: "If the procedure used to settle the dispute is one of the party's own choosing, as it was here, and was a final and binding arbitration between the parties, the courts may not relitigate facts determined in the arbitration proceeding."

We summarize the arbitration record. Under the parties' collective bargaining agreement an employee could be discharged for insubordination or refusal to perform assigned work. Evidence was that Oduselu had a minor wrist sprain and thereafter refused to do his re-assigned work. After an extended hearing the arbitrator found that after the employer's proper warning Oduselu's conduct was "defiant and insubordinate behavior". The arbitrator denied Oduselu's claim for back pay. This action followed.

■ On appeal plaintiff first claims error in the summary denial of his petition for damages. This on the ground there remained a genuine issue of fact not resolved in the arbitration proceeding. Plaintiff contends the arbitration hearing did not show insubordination was the true reason for his discharge. That contention is squarely refuted by the arbitrator's specific finding that plaintiff Oduselu's conduct constituted "defiant and insubordinate behavior". There was not as plaintiff now contends an unresolved factual issue in the arbitration proceeding.

By a parallel point plaintiff seeks to avoid the res judicata principle of *Cooper*, supra, by contending the issue raised in his service letter petition "was not presented and determined at the arbitration proceeding".

Plaintiff now contends here the true reasons for his dismissal were other than those submitted in the arbitration proceeding. He now says he could show his discharge was for other reasons not raised at arbitration: That defendant did not want him to qualify for a higher position because of his race, that there was a personality conflict with his foreman and that defendant had wanted to discharge him earlier but had no grounds to do so.

By deposition taken in the arbitration case plaintiff testified he was familiar with all the facts relating to the reason for his discharge. Those listed above which plaintiff now seeks to show were not before the arbitrator. The principle of res judicata "forecloses all the issues litigated, and all that might have been litigated in that cause". *Hall v. Smith*, 355 S.W.2d 52 [7–9] (Mo.1962). See also *Jackson v. Hartford Accident and Indemnity Company*, 484 S.W.2d 315 [1, 2] (Mo.1972). We hold the principle of res judicata bars plaintiff's efforts to relitigate the propriety of his discharge.

Judgment affirmed.

REINHARD, P. J., and CRIST and SNYDER, JJ., concur.