**Harold WILLIAMS, Appellant,**

v.

**ST. JOE MINERALS CORPORATION, and Dr. Robert H. Allbee, Respondents.**

**No. 44300.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Application to Transfer Denied Oct. 18, 1982.

---

Mark I. Bronson, St. Louis, for appellant.

John R. Truman, St. Louis, Bernard Brinker, Clayton, Richard S. McConnell, St. Louis, for respondents.

CRIST, Judge.

Plaintiff appeals from the entry of summary judgment against him, Rules 55.-27(a)(6); 74.04(b). We affirm.

Defendant St. Joe Mineral Corporation (St. Joe) discharged plaintiff, a member of Teamsters Local 688, for falsifying time cards. Through the grievance procedure contained in plaintiff's collective bargaining agreement with St. Joe, plaintiff obtained reinstatement based on his past work record. Plaintiff's reinstatement was subject to successfully undergoing a physical examination.

St. Joe instructed plaintiff to report to defendant Dr. Allbee for the physical. Dr. Allbee conducted the examination on St. Joe's premises and St. Joe paid Dr. Allbee a yearly salary plus a fee for each examina-

tion. Plaintiff alleges Dr. Allbee is St. Joe's agent.

During the course of plaintiff's examination, Dr. Allbee recorded the existence of a "right inguinal hernia" on the form St. Joe provided. St. Joe disqualifies from employment or re-employment those with conditions foreseeably requiring surgery resulting in time lost from work. Since surgery is the recommended treatment for hernia, St. Joe's Industrial Relations Manager informed plaintiff the hernia must be surgically corrected before reinstatement with St. Joe. The manager promised to hold plaintiff's job open until he recovered.

Prior to undergoing St. Joe's reinstatement physical, plaintiff obtained employment with Chrysler Corporation after successfully undergoing its required physical examination. Three days after Dr. Allbee's physical, plaintiff went to a Dr. Yoskit who examined plaintiff and found no hernia. The next day, Dr. Emerson, plaintiff's family physician, examined plaintiff, discovering a "slight bump," or "positive cough impulse." A few days later, a Dr. Deles found no hernia. Plaintiff obtained these doctors' opinions without notifying St. Joe.

Upon the pretext of undergoing corrective surgery, plaintiff sought and St. Joe provided a written reinstatement commitment predicated upon successful surgery. Plaintiff entertained no intention of undergoing surgery when requesting the commitment, explaining later he was gathering "evidence" or "proof" that St. Joe was forcing him to have surgery. Plaintiff explained he failed to apprise St. Joe of the Chrysler exam and the three doctors' opinions because he preferred taking legal action against it in resentment for his time card falsification discharge.

The collective bargaining agreement in effect at St. Joe throughout this time mandated dispute resolution by final and binding arbitration. The agreement specifically provided:

In any case in which the issue to be resolved under this agreement involves the physical status of an employee such issue shall be submitted for final decision to a physician mutually agreed upon between the Company Doctor and the employee's doctor.

The agreement prohibited St. Joe from using physical examinations as a guise to discriminate against employees, providing a review of alleged discrimination by a Grievance Committee. Plaintiff never filed a grievance concerning Dr. Allbee's diagnosis.

Plaintiff originally filed a two count petition in state court. Count I alleged conspiracy between Dr. Allbee and St. Joe in giving plaintiff a "false examination" in order to "accomplish an abandonment by plaintiff of his return to work, and to force his unemployment." Count II alleged negligence on Dr. Allbee's part alone. Plaintiff amended his petition by adding that his employment was governed by the collective bargaining agreement. By mistake or design, the portion providing final and binding arbitration of all grievances was omitted.

St. Joe successfully removed the case to federal court. In response to plaintiff's motion to remand, the federal court held Count I attempted to state a cause of action under the Labor Management Relations Act, 29 U.S.C. § 185(a). After St. Joe moved to dismiss for plaintiff's failure to utilize the collective bargaining agreement's grievance procedure, plaintiff filed a second amended complaint. Count I alleged Dr. Allbee's diagnosis of hernia to be negligent, naming St. Joe a codefendant on the basis of respondeat superior. Count II alleged the misdiagnosis to be malicious, praying for punitive damages against both defendants. For lack of subject matter jurisdiction in the second amended complaint, the federal court remanded the case to state court.

■■■ Dr. Allbee questions whether the second amended complaint, filed in federal court, was properly before the state court on remand absent plaintiff "refiling" it in state court. State courts determine the effect of pleadings and proceedings in a case, when, after removal to federal court, the case is remanded to state court. *Ayres*

v. *Wiswall,* 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693 (1884). The state court receives the case on remand from federal court removal in the posture it is in when remanded. Failure to refile a pleading after remand is not fatal to a state court ruling on the pleading. *See Citizens National Bank of Grant County v. First National Bank in Marion,* 165 Ind.App. 116, 331 N.E.2d 471, 476–77 (1975). In this case, the trial court's summary judgment was specifically directed against plaintiff's second amended complaint. Since the case, when remanded, was governed by the second amended complaint, that complaint was properly before the state trial court.

■ Summary judgment arose from St. Joe's motion to dismiss for failure to state a claim upon which relief can be granted. *See* Rules 55.27(a)(6) and 74.04. Attached to its memorandum in support of its motion to dismiss was an affidavit by St. Joe's Industrial Relations Manager stating among other things, that plaintiff's employment at St. Joe was governed by the collective bargaining agreement. Also attached as an exhibit was the collective bargaining agreement itself. The memorandum concluded by stating that matters outside the pleadings were being presented to the court for consideration and prayed for summary judgment. Plaintiff's memorandum in opposition to the motion to dismiss also contained exhibits outside the pleadings. The trial court's order granting summary judgment states the court was fully advised by the pleadings, arguments and "briefs" of counsel, indicating the attached exhibits presented to the court were not excluded. This was therefore a proper case in which summary judgment could be granted. *Compare Stix & Co., Inc. v. First Missouri Bank & Trust Co.,* 564 S.W.2d 67, 69 (Mo. App.1978).

The primary issue in this case is whether the collective bargaining agreement's grievance procedure covers plaintiff's allegations. "A particular dispute must be processed through the grievance procedure 'unless it may be said with positive assurance that the arbitration clause is not susceptible to any interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Williams v. Clean Coverall Supply Co., Inc.,* 613 S.W.2d 659, 662 (Mo.App.1980) *quoting United Steel Workers of America v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409, 1417–18 (1960).

■ Plaintiff's action seeks lost wages and medical examination expenses arising from Dr. Allbee's allegedly negligent misdiagnosis of plaintiff's physical condition. Plaintiff claims Dr. Allbee's assessment prevented his rehiring with St. Joe, thereby resulting in lost wages and the expense for three subsequent medical examinations. We find plaintiff's claim falls within the subject matter of the collective bargaining agreement regarding a dispute as to an employee's physical status. Had plaintiff presented to St. Joe the medical opinions he gathered indicating no hernia, or the medical opinion that a "positive cough impulse" would not require surgery, the issue would have been submitted to another physician for a final decision according to procedures in the collective bargaining agreement. Since the nature of the dispute falls within the provision of the collective bargaining agreement, plaintiff must follow the procedures contained therein. "In the State of Missouri, where a collective bargaining agreement provides a grievance procedure for the settlement of disputes between the employer and the union or the employee, the parties aggrieved must exhaust the remedies provided by the agreement before resorting to the courts for redress." *Williams v. Clean Coverall Supply Co., Inc., supra,* 613 S.W.2d at 661. Insofar as plaintiff has failed to engage the dispute resolving mechanisms contained in the collective bargaining agreement, his contractual remedies have not been exhausted. Plaintiff's nominal designation of his claim as one for malpractice alleges injury to his employment relationship and is covered by grievance mechanisms contained in the collective bargaining agreement. Plaintiff may not defeat the purposes of the collective bar-

gaining agreement by giving his claim a different label. Summary judgment, as a matter of law, was therefore proper. *Williams v. Clean Coverall Supply Co., Inc., supra,* 613 S.W.2d at 664.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.