**Terilyn E. McKINESS, Appellant,**

v.

**WESTERN UNION TELEGRAPH CO., Respondent.**

**No. 46988.**

Missouri Court of Appeals, Eastern District, Division Three.

March 20, 1984.

Ray A. Gerritzen, St. Louis, for appellant.

Gerald R. Ortbals, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff appeals from an order of the trial court granting defendant's motion to dismiss. We affirm.

Plaintiff filed her petition against defendant alleging that on January 2, 1979, while she was performing her duties as an employee of defendant, she sustained a serious and permanent injury compensable under the workmen's compensation statute; that from January 2, 1979 to February 1, 1979, plaintiff was under the care and treatment of physicians provided by defendant; that on February 1, 1979, she returned to work but was restricted in her activities and duties which she could perform; that on May 13, 1980, plaintiff entered into a compromise and settlement with defendant and received permanent partial disability payments; that on August 27, 1981, plaintiff was assigned work duties beyond her physical limitations as diag-

nosed by her physicians and during the course of the performance of those duties, plaintiff slipped and fell aggravating her previously diagnosed condition; that from August 27, 1981 to September 8, 1981, plaintiff was under the care and treatment of various physicians and attempted to draw benefits for her temporary total disability; that on September 8, 1981, plaintiff returned to work; that on October 12, 1981, the defendant suspended plaintiff from employment and on March 16, 1982, the defendant wrongfully discharged plaintiff from her employment, to penalize her for having exercised her rights under the workmen's compensation law.

The cause was removed to the federal district court. Defendant thereupon filed a motion to dismiss plaintiff's petition because: 1) plaintiff failed to exhaust her administrative remedies provided for in a collective bargaining agreement; 2) plaintiff's petition failed to state a claim upon which relief can be granted; 3) plaintiff's petition was barred by the doctrine of election of remedies. Defendant attached to its motion, copies of pleadings filed before the Missouri Commission on Human Rights relating to plaintiff's complaints alleging racial and handicap discrimination and copies of documents relating to plaintiff's grievance filed with defendant alleging she was discharged without sufficient cause or reason and requesting reinstatement, back pay and benefits.

The cause was remanded to the St. Louis Circuit Court and on February 25, 1983, defendant's motion to dismiss was sustained. The trial court did not specify on which ground it relied in dismissing the petition. This appeal ensued. Since matters outside the pleadings were presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Rule 55.27(b).

On appeal, plaintiff alleges the trial court erred in dismissing her petition. Defendant contends the trial court ruled correctly because the doctrine of judicial estoppel bars her petition. Defendant contends that an indispensible element of plaintiff's claim is that she was willing and able to perform her duties after the two alleged injuries, relying on *Arie v. Intertherm, Inc.*, 648 S.W.2d 142 (Mo.App.1983). However, defendant asserts that in the petition, in the charge of discrimination and in her grievance, plaintiff has alleged that "she is not able to perform her regular duties as defendant's employee after the two alleged injuries," and therefore she is barred from recovery. We do not find such an allegation fatal to plaintiff's petition.

Section 287.780, RSMo.1978, provides that:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

A cause of action under § 287.780 lies only if an employee is discharged discriminatorily by reason of exercising his or her rights under the workmen's compensation law. *Henderson v. St. Louis County*, 605 S.W.2d 800, 803 (Mo.App.1979); *Mitchell v. St. Louis County*, 575 S.W.2d 813, 815 (Mo.App.1978). Mere discharge of an employee who files a workmen's compensation claim does not give rise to a cause of action against the employer for discriminatory discharge and the employee must prove a causal connection between the exercise of his statutory rights and his discharge. *Davis v. Richmond Special Road District*, 649 S.W.2d 252, 255 (Mo.App. 1983).

To state a cause of action, plaintiff must allege: 1) she was employed by defendant; 2) she exercised a right conferred by the workmen's compensation law; 3) she was discharged; and 4) defendant's discriminatory motive. *Hansome v. Northwestern Cooperage Co.*, No. 46315 (Mo.App.E.D. February 1984); *Henderson v. St. Louis County*, 605 S.W.2d 800 (Mo.App.1979). Plaintiff has stated a cause of action. Plaintiff does not allege in her petition that she was discharged because she was not physically capable of

performing her duties, but rather because she exercised her rights under the workmen's compensation law. If, at trial, the trier of fact believes from the evidence that defendant did not discharge her for exercising rights conferred by the workmen's compensation law, but rather because she was incapable of performing her job, then defendant would be entitled to a judgment in its favor. There is nothing in the workmen's compensation law which requires the employer to retain an injured employee. The employer's responsibility under the law is to compensate the injured employee for her work related injury, not guarantee her continued employment despite her inability to perform her duties as an employee. *Arie v. Intertherm, Inc.*, 648 S.W.2d 142 (Mo.App.1983).

Plaintiff next asserts that failure to exhaust the remedies provided for in a collective bargaining agreement cannot be a valid ground for dismissing her petition. We disagree. In the State of Missouri, where a collective bargaining agreement provides a grievance procedure for the settlement of disputes between the employer and the union or the employee, the party aggrieved must exhaust the remedies provided by the agreement before resorting to the courts for redress. *Williams v. St. Joe Minerals Corp.*, 639 S.W.2d 192, 195 (Mo. App.1982); *Williams v. Clean Coverall Supply Co., Inc.*, 613 S.W.2d 659, 661 (Mo. App.1980). A particular dispute must be processed through the grievance procedure "unless it may be said with positive assurance that the arbitration clause is not susceptible to any interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Williams v. Clean Coverall Supply Co., Inc.*, 613 S.W.2d 659, 662 (Mo.App.1980), *quoting United Steel Workers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). In plaintiff's grievance, she has alleged that the company unjustly treated and discharged her from the company without sufficient cause or reason in violation of Article 6 of the collective bargaining agreement. We find that plaintiff's claim in this lawsuit that she was discharged because she exercised her workmen's compensation rights is a dispute that falls within the subject matter of the collective bargaining agreement. That grievance has not yet been resolved.

Insofar as plaintiff has failed to exhaust the remedies provided in the collective bargaining agreement, this action is premature.

Plaintiff contends that the grievance procedure and the state court action may proceed concurrently, citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In *Gardner-Denver*, an employee, after exhausting the union grievance procedure regarding her claim of discrimination, filed suit in federal district court under Title VII. The Supreme Court held that the adverse determination by the referee in the grievance proceeding did not preclude a separate claim later brought under Title VII. We do not consider this case helpful to plaintiff's position in the case at bar.

Affirmed.[1]

KAROHL, P.J., and CRANDALL, J., concur.

---

1. Pursuant to Rule 67.03, the trial court's dismissal of plaintiff's petition is without prejudice.