**Rebecca A. KRAMER, Appellant,**

v.

**McGLYNN BAKERIES, INC. and John Atkins, Respondents.**

**No. 51939.**

Missouri Court of Appeals, Eastern District.

Sept. 29, 1987.

Motion for Rehearing and/or Transfer Denied Oct. 28, 1987.

Arthur S. Hyatt, St. Louis, for appellant.

Martin L. Garden, Minneapolis, Minn., for respondents.

SATZ, Presiding Judge.

Plaintiff, Rebecca Kramer, is an employee of defendant, McGlynn Bakeries. Plaintiff sued defendant and her supervisor, John Atkins,[1] under § 287.780 RSMo., 1978, alleging defendants discriminated against her because she filed a workers' compensation claim. On defendants' motion, the trial court dismissed plaintiff's petition. Plaintiff appeals. We affirm.

**1.** Plaintiff sued both the defendant corporation and John Atkins as the corporation's alleged agent. Resolution of the issues against one defendant, however, necessarily resolves the issues against the other.

**2.** § 287.780 provides:
No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been dis-

Under § 287.780 RSMo., 1978, an employee may sue his employer for damages if the employer "in any way discriminate[s] against" the employee "for exercising any of his rights" under our workers' compensation law.[2] In her petition based upon this statute, plaintiff alleges she began working for defendant in 1978. She is a member of Bakers Union Local No. 4 of Greater St. Louis. Defendant and Bakers Union Local No. 4 are parties to a collective-bargaining agreement.[3] In June of 1983, plaintiff underwent wrist surgery to correct carpal tunnel syndrome, a condition she alleges resulted from her cake decorating duties for defendant. Plaintiff's attorney then filed a workers' compensation claim on her behalf.

Plaintiff also alleges that, because she filed this claim, defendant discriminated against her in the following manner:

(a) Defendants treated plaintiff in a hostile and unfriendly manner;

(b) Defendants informed plaintiff that her job would not be held open for her if she did not produce and supply them with a doctor's note;

(c) Defendants reduced to below forty hours per week the number of hours that plaintiff was allowed to work;

(d) Defendants reduced plaintiff's weekly earnings;

(e) Defendants did not permit plaintiff to work at a bakery located at 2677 Dunn Road, but transferred plaintiff to other stores that were further from plaintiff's home and to stores that were in high crime areas;

(f) Defendants refused to allow plaintiff to retain the same days off that she had previously had;

charged or discriminated against shall have a civil action for damages against his employer.

**3.** The cover sheet of the collective-bargaining agreement states the agreement is between Craft Shops and Bakers' Union Local No. 2. Nonetheless, in its answers to plaintiff's interrogatories, defendant, McGlynn Bakeries, identified this agreement as its labor contract with the plaintiff's union, and plaintiff refers to this agreement in her argument on appeal.

(g) Defendants failed and refused to supply plaintiff with a time card on one or more occasions;

(h) Defendants failed and refused to pay plaintiff any temporary total disability benefits, her medical and her hospital bills.

Defendant then filed its motion to dismiss. Apparently, both parties treated the collective-bargaining agreement as part of the pleadings. The agreement provides a grievance procedure for "any dispute [which] shall arise between employer and the employee." As noted, however, plaintiff chose not to file a grievance but instead filed her petition for damages. The trial court dismissed the petition, and this appeal followed.

Plaintiff raises a number of issues on appeal. We need only address one: whether plaintiff's claim is pre-empted by federal law. We hold it is.

The power of Congress to pre-empt state law is derived from the Supremacy Clause, Art. VI, United States Constitution. *Gibbons v. Ogden*, 22 U.S. (9 Wheat) 1, 6 L.Ed. 23 (1824). § 301 of the Labor Relations Management Act (LRMA) provides that suits for violation of contracts between an employee and employer may be brought in the federal district court. 61 Stat. 156, 29 USCA 185(a) (1978). This section is understood to be "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206, 214 (1985). Thus, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, ... or dismissed as pre-empted by federal labor contract law." *Id.* 471 U.S. at 220, 105 S.Ct. at 1916. *Lueck* itself provides the method for determining whether a state claim is "substantially dependent" upon an analysis of a labor agreement.

In *Lueck*, an employee suffered a nonoccupational injury and processed his claim under a disability plan included in a collective-bargaining agreement. Subsequently, he sued his employer in state court for the alleged tort of "bad faith" processing of his claim. To determine whether this claim was pre-empted by federal law, the Supreme Court asked the basic questions: what is the employer's duty and what is the standard for its breach? The employer's duty to process the employee's injury claim, the Court noted, could only be created by the collective-bargaining agreement. Thus, the Court stated, on the facts before it, the duties imposed and the correlative rights established by the state tort of "bad faith" were derived from the rights and obligations created by the agreement. *Lueck*, 471 U.S. at 217, 105 S.Ct. at 1914. To resolve the employee's tort claim, then, two basic issues had to be resolved: (1) whether the agreement required the employer to pay benefits to the employee in a timely manner, and, if so, whether the employer's conduct breached that duty. *Lueck*, 471 U.S. at 215, 105 S.Ct. at 1913. This resolution, obviously, was dependent upon the consideration and interpretation of the terms of the agreement.

The Court also noted, however, that state law may create nonnegotiable rights independent of any labor contract. Thus, to determine whether pre-emption exists in this area, the state court must determine whether state action confers "nonnegotiable state law rights" on employees or employers independent of any right established by contract, or, whether evaluation of the tort claim is "inextricably intertwined" with consideration of the labor contract. *Lueck*, 471 U.S. at 213, 105 S.Ct. at 1912.

Plaintiff contends her claim is not preempted because her right to protection from retaliatory discrimination derives solely from the statute, § 287.780, not from the collective-bargaining agreement. In addition, she argues she would have had the right to sue defendant for discrimination even if Local No. 4 had no labor contract with defendant.

Plaintiff's first argument is a bald statement which begs the question, and her second argument misses the point. It is precisely because her union entered into a

collective-bargaining agreement that her claim may be pre-empted. As noted, only nonnegotiable state law rights can avoid being pre-empted by the provisions of a collective-bargaining agreement. *See Lueck*, 471 U.S. at 213, 105 S.Ct. at 1912. The question here is the degree to which resolution of her state law tort claim is dependent upon or intertwined with the terms of the agreement.

Most of the "acts of discrimination" plaintiff alleges in her petition regard a reduction in her working hours after she filed her workers' compensation claim. However, the collective-bargaining agreement specifically defines and controls working hours, and it provides any grievance arising under its provision shall be subject to arbitration.

Plaintiff also alleges defendants would not allow her "to retain the same days off that she had previously had." Again, the agreement addresses this issue, and it specifically provides that all workers "shall have their day of rest either Saturday or Sunday plus one other day of rest as designated by Employer."

In addition, plaintiff alleges that defendants' refusal to pay her disability benefits or to reimburse her medical expenses constitutes another act of discrimination. But, it is the agreement which establishes and defines plaintiff's rights to insurance benefits.

Plaintiff's other allegations are mere conclusions; for example, "defendants treated plaintiff in a hostile and unfriendly manner." Plaintiff must plead ultimate facts not conclusions in order to state a claim for relief. *See, e.g., Commercial Bank of St. Louis County v. James*, 658 S.W.2d 17, 22 (Mo. banc 1983).

Clearly, plaintiff's claim is dependent upon the terms of the collective-bargaining agreement for its proper resolution.

Judgment affirmed.

CRIST and KELLY, JJ., concur.