Rosetta COOK, Appellant,

v.

**HUSSMANN CORPORATION,**
Respondent.

No. 75142.

Supreme Court of Missouri,
En Banc.

April 20, 1993.

Ray A. Gerritzen, St. Louis, for appellant.

Mark J. Bremer and Rebecca S. Stith, St. Louis, for respondent.

PRICE, Judge.

*Section 287.780*, RSMo 1986,[1] protects employees from retaliatory discharge or discrimination brought about by the employees' exercise of rights granted by the Workers' Compensation Act, Chapter 287, RSMo. We hold that neither federal nor Missouri law requires an employee to invoke or exhaust the grievance procedure in a collective bargaining agreement before filing suit under the statute. We accordingly reverse the summary judgment in favor of respondent, and remand.

---

1. The statute provides as follows:
    **Discrimination because of exercising compensation rights prohibited—civil action for damages.**—No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

## I.

■ On review of a defendant's motion for summary judgment, this Court views the record in the light most favorable to the plaintiff, according to plaintiff all reasonable inferences that may be drawn from the evidence. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed in connection with the motion, demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Rule 74.04(c); Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993).

The record below establishes that appellant Rosetta Cook was injured in the course of her employment with respondent Hussmann Corporation, a Missouri corporation, and that she filed a claim for workers' compensation against respondent and the second injury fund. The claim made reference to certain injuries sustained by appellant before she began working for respondent. Appellant asserts that respondent repeatedly tried to interrogate her concerning these injuries. On the advice of her attorney, appellant refused to answer respondent's questions unless she was allowed to have her attorney or a shop steward present in the room. Appellant alleges that she was suspended and then fired from her job because of this refusal.

Respondent filed a motion to dismiss or for summary judgment, supported by the affidavit of its general counsel and vice president. The affidavit asserts that appellant was covered by a collective bargaining agreement between respondent and the United Steelworkers of America. It states that appellant was terminated for insubordination and for failing to disclose pre-employment injuries and back problems in her employment application, in violation of plant rules and the labor agreement. Finally, it asserts that appellant never invoked the agreement's grievance procedure with respect to her discharge. Respondent argues that, under federal law, appellant's failure to grieve her discharge precludes her from obtaining relief under *§ 287.780.*

Appellant and her attorney filed affidavits in opposition to respondent's motion, containing a detailed chronology of the events leading to the discharge. Appellant's affidavit adduces an admission by respondent that appellant would not have been questioned about her prior injuries if she had not filed her compensation claim.

The circuit court sustained respondent's motion for summary judgment, on the grounds that appellant did not file a grievance in accordance with her collective bargaining agreement. The Eastern District of the Court of Appeals reversed, holding that a civil action filed under *§ 287.780* is independent of the collective bargaining process and is not preempted by federal law. We granted transfer to resolve a conflict with earlier decisions that required exhaustion of the grievance mechanism prior to filing suit under the statute. *See Kramer v. McGlynn Bakeries, Inc.,* 738 S.W.2d 892 (Mo.App.1987); *Barks v. Bi–State Development Agency,* 727 S.W.2d 464 (Mo.App.1987); *Brock v. Stout Industries, Inc.,* 717 S.W.2d 278 (Mo.App.1986); *McKiness v. Western Union Telegraph Co.,* 667 S.W.2d 738 (Mo.App.1984).

## II.

■ Appellant's first point asserts that her retaliatory discharge claim is not precluded by the collective bargaining agreement under either federal or Missouri law. Federal law controls the resolution of labor disputes when the parties have negotiated a collective bargaining agreement, through the Labor Relations Management Act, 29 U.S.C. *§ 185 et seq.* The United States Supreme Court has held that *§ 301* of the act preempts state law remedies that conflict with those provided by a labor contract. When the resolution of a state law claim is "substantially dependent" upon analysis of the terms of a labor contract, the claim must be treated as a *§ 301* claim or dismissed as preempted by federal labor law. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1915, 85 L.Ed.2d 206 (1985). The Eighth Circuit Court of Appeals interpreted *Lueck* to bar state statutory claims for retaliatory dis-

charge when the parties are covered by a collective bargaining agreement. *Johnson v. Hussmann Corp.*, 805 F.2d 795, 797 (8th Cir.1986).

Our court of appeals was guided by these decisions when considering the impact of labor agreements on the right of action created by § *287.780.* In *McKiness*, the court ruled that whether an employee was discharged for exercising her workers' compensation rights is a dispute falling within the subject matter of a labor agreement. Thus, the court held that employees must exhaust the remedies provided in the agreement before seeking redress under § *287.780.* 667 S.W.2d at 741; *accord Kramer*, 738 S.W.2d at 894–5; *Barks*, 727 S.W.2d at 467. Further, the court gave preclusive effect to factual determinations reached through the collective bargaining grievance process when the agreement provides it is the exclusive remedy for disputes. *Brock*, 717 S.W.2d at 280; *accord Pratt v. Purcell Tire & Rubber Co.*, 846 S.W.2d 230, 233 (Mo.App.1993).

Shortly after *Kramer, Barks* and *Brock* were decided, however, the United States Supreme Court recognized a limited exception to the reach of federal preemption in workers' compensation cases. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). The Supreme Court found that a state law remedy for retaliatory discharge is "independent" of a collective bargaining agreement, and thus not subject to preemption, if its resolution involves "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer." *Id.* at 407, 108 S.Ct. at 1882. This exception holds true even if the grievance mechanism and the state law remedy "would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself". *Id.* at 409–10, 108 S.Ct. at 1883.

"The analysis in *Lingle* applies with equal force to Missouri's workers' compensation statute." *Wolfe v. Central Mine Equipment Co.*, 850 F.2d 469, 470 (8th Cir.1988). Like the Illinois statute at issue in *Lingle*, § *287.780* created a judicially cognizable independent tort. *Hopkins v.*

*Tip Top Plumbing & Heating Co.*, 805 S.W.2d 280, 286 (Mo.App.1991); *Reed v. Sale Memorial Hospital & Clinic*, 698 S.W.2d 931, 940 (Mo.App.1985). A claim brought under our statute presents factual questions that relate solely to the conduct and intent of the parties. *See Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 275 (Mo. banc 1984).

In short, appellant alleges that respondent fired her in retaliation for bringing a workers' compensation claim. If true, such acts violate § *287.780,* and that statute provides that a civil suit for damages may be brought. The rights and remedies provided by § *287.780* are independent of and in addition to any rights provided by the collective bargaining agreement. Although these same acts might have allowed appellant to proceed against respondent under the collective bargaining agreement for remedies provided therein, she did not do so, nor was she required to do so. Because appellant's § *287.780* claim is separate and independent of the collective bargaining agreement, it is not preempted by federal labor law. *Accord Wolfe*, 850 F.2d at 470.

### III.

■ Missouri law also generally holds that when a collective bargaining agreement provides a grievance procedure for the settlement of disputes between the employer and the union or the employee, the party aggrieved must exhaust the remedies provided by the agreement before resorting to the courts for redress. *Williams v. St. Joe Minerals Corp.*, 639 S.W.2d 192, 195 (Mo.App.1982); *Williams v. Clean Coverall Supply Co.*, 613 S.W.2d 659, 661 (Mo.App.1980); *accord Grubb v. Leroy L. Wade & Son, Inc.*, 384 S.W.2d 528, 533 (Mo.1964). This rule, however, applies only to claims brought under the labor agreement and alleging a breach of its provisions. The exhaustion requirement does not extend to claims based exclusively on a violation of independent employee rights derived from a source other than the agreement, such as § *287.780.*

■ Moreover, the rights protected by § *287.780* cannot be bargained away. *See Haase v. New Hampshire Ins. Co.*, 795 S.W.2d 543, 544 (Mo.App.1990). The Work-

ers' Compensation Act provides that "no agreement by an employee or his dependents to waive his rights under this chapter shall be valid". *§ 287.390.1*, RSMo Supp. 1992. The plain intent of this statute is, *inter alia*, to preserve the right of action granted by *§ 287.780*. Thus, under Missouri law, the inclusion of a grievance mechanism in a collective bargaining agreement cannot be deemed to be a waiver, either implicit or explicit, of the employees' statutory right to bring a civil action for retaliatory discharge or discrimination.[2] Accordingly, we hold that a *§ 287.780* suit may be brought without first invoking or exhausting the collective bargaining grievance process. The grant of summary judgment based on appellant's failure to grieve her discharge was in error.

Our disposition of this issue renders it unnecessary to consider appellant's remaining contentions. The summary judgment in favor of respondent is reversed, and the cause is remanded to the trial court for further proceedings.

All concur.

**2.** The Supreme Court in *Lingle* left open the question of whether a union may waive its members' individual, nonpreempted state law rights. The Court noted that it would require "clear and unmistakable" evidence of waiver before deciding whether federal law preempts a state law bar (such as Missouri's *§ 287.780*) to the waiver of these rights. 486 U.S. at 409 n. 9, 108 S.Ct. at 1883 n. 9. The parties did not present such evidence of waiver in this case.