**STATE of Missouri, ex rel. THE RIVAL COMPANY, Relator,**

v.

**Honorable Jack E. GANT, Respondent.**

**No. WD 52863.**

Missouri Court of Appeals, Western District.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Application to Transfer Denied June 17, 1997.

Jack Campbell, Kansas City, for appellant.

Michael Manners, Independence, for respondent.

### ORIGINAL PROCEEDING IN PROHIBITION

HANNA, Judge.

Plaintiffs in the underlying suit below, Marilyn Byrd and Karen Hess, were injured

in the course of their employment at the Rival Company. They filed a lawsuit in the Jackson County circuit court pursuant to § 287.780, RSMo 1994, alleging that Rival discriminated against them because they retained counsel and filed workers' compensation claims.

Plaintiff Hess began working for Rival in December 1987 and experienced injuries to her upper extremities shortly after beginning work. In February 1991, Hess hired an attorney to represent her in a workers' compensation claim. In the first count of the petition, plaintiff Hess claims that Rival discriminated against her from June 1991 through October 1994, when she reached a settlement of her workers' compensation claim.

Plaintiff Byrd began working for Rival in September 1986 and experienced injuries similar to those suffered by Hess. In February 1991, Byrd also hired an attorney to pursue her workers' compensation claim. In the second count of the petition, plaintiff Byrd claims that Rival discriminated against her from June 1991 through August 1993, at which time she settled her workers' compensation claim. Both plaintiffs continued to be employed by Rival apparently in the same capacity after filing the workers' compensation claims.

Specifically, the plaintiffs allege that they retained attorneys in February 1991 and that Rival terminated their total temporary benefits and medical treatment and stopped paying their mileage expenses from June 6, 1991, until their final settlement was accomplished. They also allege that they were subjected to verbal criticism and hostile attitudes. They contend that termination of these benefits was discriminatory as defined by § 287.780 and, therefore, that the circuit court properly had jurisdiction. The plaintiffs' petition does not allege any discriminatory employment action by Rival such as transfer, suspension, or discharge based exclusively on the plaintiffs' exercise of their rights, *Felts v. Ford Motor Co.*, 916 S.W.2d 798, 802 (Mo.App.1995), or an action such as denying the employee advancement, salary or hourly pay increases, or assignment to a less desirable job or location. *Arie v. Intert-*

*herm, Inc.*, 648 S.W.2d 142, 149 n. 3 (Mo.App. 1983).

On May 27, 1996, Rival filed a motion to dismiss arguing that respondent lacked subject matter jurisdiction because the allegations in the plaintiffs' lawsuit fell within the exclusive jurisdiction of the Workers' Compensation Act. Respondent denied the motion to dismiss and relator sought and obtained a preliminary writ of prohibition from this court, which we issued in light of *Felts*, 916 S.W.2d at 798.

■ Prohibition is the appropriate remedy where it would prevent unnecessary litigation, *State ex rel. Police Retirement Sys. of St. Louis v. Mummert*, 875 S.W.2d 553 (Mo. banc 1994), and it is clear that the pleadings fail to invoke the trial court's jurisdiction. *State ex rel. Hartman v. Kintz*, 832 S.W.2d 9, 10 (Mo.App.1992). The trial court should grant a motion to dismiss when it appears, by a preponderance of the evidence, that the court lacks subject matter jurisdiction. *Felling v. Wire Rope Corp. of Am.*, 854 S.W.2d 458, 461 (Mo.App.1993).

■ The Workers' Compensation Act bars common lawsuits for those damages which are covered under it and for which compensation is made available. *Gambrell v. Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 165 (Mo.App.1978). Our inquiry is whether the allegations in the lawsuit satisfy subject matter jurisdiction requirements as set forth in Chapter 287. *Felts*, 916 S.W.2d at 800–01.

The workers' compensation statute was intended to be an exclusive remedy for injured workers. Section 287.120, RSMo 1994. The exclusivity of the Act is embodied in § 287.120 which provides that the employer shall compensate the employee without the necessity of proving the employer's fault for the injury, "and shall be released from all and other liability therefore whatsoever" and that "[t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee...." *See Gambrell*, 562 S.W.2d at 165. However, the Missouri legislature also recognized that employers might discriminate against employees who invoked their rights under the

Act and enacted § 287.780, RSMo 1994, which provides:

No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

Section 287.780 created a recognizable independent tort. *Cook v. Hussmann Corp.*, 852 S.W.2d 342, 344 (Mo. banc 1993), *cert. denied*, 510 U.S. 944, 114 S.Ct. 382, 126 L.Ed.2d 331 (1993).

Four elements must be met to maintain a civil suit separate from the Act: (1) the plaintiff's status as an employee of the defendant before injury; (2) the plaintiff's exercise of a right granted by Chapter 287; (3) the employer's discharge of or discrimination against the employee; and (4) an exclusive causal relationship between the plaintiff's actions and the defendant's actions. *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 275 (Mo.1984).

Respondents acknowledge that they cannot distinguish the facts of this case from the facts of *Felts*. They challenge the rationale of *Felts* arguing that the "rights and remedies" granted an employee under § 287.120.2 include the right granted by § 287.780 to be free from discrimination for exercising their rights by filing a workers' compensation claim. Further, they argue that the *Felts* court overlooked the fact that when two statutes addressing the same subject matter conflict, the more specific statute is given precedence over the more general.

The facts and issue in *Felts* are similar to those in the present case. Felts sued Ford Motor Company alleging that Ford discriminated against him in retaliation for filing a workers' compensation claim. 916 S.W.2d at 800. The lawsuit was filed pursuant to § 287.780 and claimed that Ford: (1) refused to refer Felts to an appropriate physician for treatment; (2) put Felts on the line lifting heavy objects which exceeded his physician's restrictions; (3) placed him on disability instead of continuing to provide him benefits under workers' compensation; and (4) interfered with the medical treatment Felts was receiving from two separate physicians. Felts sought compensation not for those injuries that occurred on the job, but argued that his damages resulted from Ford's post-accident actions. *Id.* at 802. Felts claimed these were acts of discrimination against him solely for exercising his rights under the workers' compensation law. This court held that "each and every claim of discrimination is, in reality, a traditional workers' compensation claim." *Id.* at 801.

■ Under the Act, an employer is required to furnish such medical treatment as is required to cure or relieve the effects of the injury. Section 287.140.1, RSMo 1994. This includes the employer's obligation to advance or reimburse for mileage expenses in certain situations. *Id.* Section 287.170, RSMo 1994 requires payment for temporary total disability compensation. The amount and method of payment are provided for in § 287.180, RSMo 1994. The determination of what sort of care as may be necessarily rendered to the employee is within the exclusive province of the Division of Workers' Compensation. *State ex rel. Standard Register Co. v. Mummert*, 880 S.W.2d 925, 926 (Mo.App.1994).

If there is a termination of benefits, as the plaintiffs' argue here, a party may request "that [the] case be advanced on the docket and set for immediate hearing on the grounds of acute and undue hardship...." 8 CSR 50–2(2).[1] If Rival terminated medical treatment, mileage expenses and temporary benefits, the plaintiffs had recourse within the Division of Workers' Compensation.

The plaintiffs argue that the two statutes are in conflict with one another and there-

---

1. We are authorized by § 536.031.5, RSMo 1994 to take judicial notice of 8 CSR 50–2.01(20), *Ross v. Safeway Stores*, 738 S.W.2d 611, 613 (Mo.App. 1987), and the regulation must be followed by the Workers' Compensation Commission and its hearing officers unless unreasonable and plainly inconsistent with the statute. See *State ex rel.*

*Doe Run Co. v. Brown*, 918 S.W.2d 303, 306 (Mo.App.1996). Section 287.203 was effective August 1993 and provides for an expedited hearing within 60 days of a party's request with no delays or continuances except for good cause or by consent of the parties.

fore, the more specific statute, which they argue is § 287.780, RSMo 1994 should be given precedence. We disagree that the statutes are in conflict. We have not been cited to nor found any Missouri case which have so held. The plaintiffs argue that the legislature intended to provide a specific remedy when discrimination is based on the exercise of rights under Chapter 287, in which event § 287.780, RSMo 1994 prevails. We have no disagreement with that statement of the law. We are unable to discern any conflict, at least insofar as the point under consideration here is concerned. The respective statutes are read and interpreted in harmony with each other. *See State ex rel. Ashcroft v. City of Fulton,* 642 S.W.2d 617, 620 (Mo. banc 1982).

 The plaintiffs also allege that the discrimination included verbal criticism and hostile attitudes. However, in order to state a claim for relief, the plaintiffs must plead ultimate facts and not conclusions. *Kramer v. McGlynn Bakeries, Inc.,* 738 S.W.2d 892, 895 (Mo.App.1987). The *Kramer* court held that when the plaintiff made allegations such as "defendants treated plaintiff in a hostile and unfriendly manner," she pleaded conclusions, not the required ultimate facts necessary to state a claim for relief. *Id.* The conclusory statements made by plaintiffs in their pleadings are insufficient to state a claim for relief under § 287.780, RSMo 1994.

The preliminary writ in prohibition previously entered is hereby made absolute. The respondent is directed to dismiss plaintiffs' lawsuit for lack of subject matter jurisdiction.

BRECKENRIDGE, P.J., and SMART J., concur.